UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| MARK ALAN ADAMS, | CASE NO. 22-11024 |
|     *Plaintiff*, | HON. THOMAS L. LUDINGTON |
| v. | DISTRICT JUDGE |
| STATE OF MICHIGAN, | HON. PATRICIA T. MORRIS |
|   et al., | MAGISTRATE JUDGE |
|     *Defendants*. | |
| _____/ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

### RECOMMENDATION

*Pro se* Plaintiff Mark Alan Adams filed a 26-count complaint, in addition to claims for declaratory and injunctive relief; a request for mandamus; and alleged criminal counts. (ECF No. 1). Plaintiff's complaint identifies 44 Defendants, not including those who would be found via discovery. (*Id.* at PageID.1–2). Because Plaintiff proceeds *in forma pauperis* ("IFP"), (ECF No. 5), I have examined his complaint under 28 U.S.C. §§ 1331, 1343, 1367, 1915, and 42 U.S.C. § 1983. For the following reasons, I conclude that Plaintiff has failed to state a claim, and therefore his complaint should be ***SUA SPONTE* DISMISSED**.

### REPORT

    A.    **Procedural and Factual Background**

        1.  **Case No 20-11954**

1

On July 21, 2020, Plaintiff filed a previous suit in this Court. Plaintiff's complaint in the previous action included 46 paragraphs claiming jurisdiction, venue, and common allegations. This Court summarized Plaintiff claims as follows:

> Defendants' collective State and Federal criminal acts documented in this case include conspiracy, acts of domestic terrorism, numerous individual obstructions of justice, fraud, perjury, making false statements, extortion, grand theft, computer crimes, malpractice, retaliating against witnesses and crime victims, obstruction of criminal investigations of healthcare offenses (18 USC Chapter 73), aiding and abetting criminals, and ultimately the wrongful death / extrajudicial killing / depraved heart murder of Shirley Adams.

Case. No. 1:20-cv-11954 (ECF No. 7, PageID.44) citing (ECF No. 1, PageID.7–8, ¶ 18). In that complaint, Plaintiff's claims also included "allegations of adverse judicial rulings, selective persecution, a baseless lawsuit, and bullying; violations of human rights and the State Open Meetings Act and Freedom of Information Act; police brutality, harassment, corruption, trespassing, fraud . . . obstruction of justice" and the failure to uphold his civil rights and refusal to investigate or charge his assailants. Case. No. 20-11954, (ECF No. 1, PageID.9.)

Plaintiff also alleged that the unconstitutional behavior led to the death of his mother. *Id.* He also alleged that in March 2015, his wrists and shoulders were injured during a false arrest and detainment and that he was assaulted and injured following a video arraignment. (*Id.* at PageID.10). He alleged that he sought medical treatment for these injuries. (ECF No. 1, PageID.10-11). He alleged that he was "extorted" $6,000 in exchange for release from jail. *Id.* (ECF No. 1, PageID.10).

Plaintiff alleged further that "[a]ll lawful economic developments and recreational land uses have been halted by Bridgeport Township's Stop Work Order, since 2012," Case. No. 20-11954, (ECF No. 1, PageID.11) and that "Defendants have so far succeeded in the destruction of [Plaintiff's] off-the-grid farming initiatives . . . [which] hurt not only [Plaintiff] and business, but our environment and economy." *Id.* Plaintiff alleged that "State Actors and Lawyers . . . profited handsomely" from the actions against him. Case. No. 20-11954, (ECF No 1, PageID.12).

On October 2, 2020, the District Court adopted my Report and Recommendation, dismissing the claims against all defendants. Case. No. 20-11954, (ECF Nos. 7-9).

**2. The Present Case**

Plaintiff's claims in the current action are substantially identical to the claims dismissed in the previous case. After naming the first three Defendants the State of Michigan, Mary Adams Semcken, and Susan Kay Adams, Plaintiff organizes the remaining 41 Defendants into four different categories: "State Actors & Licensees – Lawyers" (11 Defendants); "Hospitals & Doctors" (10); "Law Enforcement & Government Entities" (13); and "State and National Organizations (7). (ECF No. 1, PageID.1-2).

Plaintiff alleges that in March 2015, he was "forcibly drugged and detained" for 12 days, leading to "the depraved heart murder of Shirley Adams" and that his "businesses, intellectual and personal properties" were unlawfully taken. (*Id*. at

PageID.4-5, ¶ 12). The allegations contained in paragraph 18 of the current Complaint are identical to paragraph 18 of the previous complaint:

> Defendants collective State and Federal criminal acts documented in this case include conspiracy, acts of domestic terrorism, numerous individual obstructions of justice, fraud, perjury, making false statements, extortion, grand theft, computer crimes, malpractice, retaliating against witnesses and crime victims, obstruction of criminal investigations of healthcare offenses (18 USC Chapter 73), aiding and abetting the criminals, and ultimately the wrongful death/extrajudicial killing/depraved heart murder of Shirley Adams.

(*Id*. at PageID.7, ¶ 18); *see* Case No. 20-11954 (ECF No. 1, PageID.7-8, ¶ 18). The additional allegations in this Complaint likewise mirror those set forth in the earlier action. *Cf.* Case No. 20-11954 (ECF No. 1, PageID.8-12). Again here, Plaintiff alleges unconstitutionally adverse judicial rulings, selective persecution, a "baseless lawsuit," and bullying. (*Id.*, PageID.8, ¶¶ 22-23). He alleges violations of human rights, the State Open Meetings Act, and the Freedom of Information Act. He also alleges police brutality, harassment, corruption, trespassing, fraud, obstruction of justice, the failure to uphold his civil, rights, and the refusal to investigate or charge his "assailants." (*Id*. at PageID.8-9, ¶¶ 25-28). Consistent with the claims in the earlier action, he alleges that his wrists and shoulders were injured during the false arrest and detainment. (*Id*. at PageID.9, ¶ 27). Plaintiff also alleges that he was assaulted and injured in March 2015 following a video arraignment. (*Id.* at PageID.10, ¶ 33). He alleges that he was "ultimately extorted" $6,000 in exchange

for release from jail. (*Id.*, PageID.10, ¶ 34). He alleges that he received medical treatment for these injuries on March 26, 2015. (*Id.*, PageID.10, ¶ 37).

As in the previous complaint, Plaintiff alleges that "[a]ll lawful economic developments and recreational land uses have been halted by Bridgeport Township's Stop Work Order, since 2012" and that "Defendants have so far succeeded in the destruction of [Plaintiff's] off-the-grid farming initiatives . . . [and] hurt not only [him] and business, but our environment and economy." (*Id.*, PageID.11, ¶¶ 38, 40). He alleges that "State Actors and Lawyers have profited handsomely" from the actions against him. (*Id.*, PageID.11, ¶ 41).

B. Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), a court must *sua sponte* review and dismiss the complaints of plaintiffs proceeding IFP if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When a plaintiff proceeds without counsel, the court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints must satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

When considering whether a complaint states a claim, "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all the

5

factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001). But the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," otherwise the complaint will be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard requires the plaintiff to "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations omitted). The complaint must include more than "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action." *Id.*

A civil rights action under 42 U.S.C. § 1983 consists of two elements: (1) that the defendant acted under color of state law; and (2) that the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**Law and Analysis**

Rule 8(a) requires a plaintiff to file a complaint that sets forth "a short and plain statement of the claim . . . ." Fed. R. Civ. P. 8(a)(2). In addition, Rule 8(d)(1) states that "[e]ach allegation must be simple, concise, and direct." Where, as here, a pleading is so verbose that neither the court nor the defendants can readily identify the claims asserted, the complaint should be dismissed for failure to comply with

the Federal Rules of Civil Procedure. *See Flayter v. Wis. Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (116-page prisoner civil rights complaint subject to dismissal pursuant to Rule 8(a)(2)); *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); *Vicom v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994) (criticizing district court for declining to dismiss with prejudice pursuant to Rule 8(a); noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Plymale v. Freeman*, 1991 WL 54882, at *1 (6th Cir. April 12, 1991) (affirming dismissal with prejudice for failure to comply with Rule 8); *Gipbsin v. Kernan*, No. CIVS07-0157 MCE EFBP, 2008 WL 1970090, at *3 (E.D. Cal. May 5, 2008) (a complaint should not include "preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like")

Here, Plaintiff identifies 44-plus Defendants in the caption of his complaint, but with the possible exception of his claim of municipal liability, he does not explain their roles with particularity sufficient for any Defendant to understand the count(s) against them. Further, the recitation of various constitutional, statutory, or common law provisions are not clearly applied to the facts of this case. In a similar

7

factual scenario, *Ashberry v. Bisig,* 70 Fed. App'x 247 (6th Cir. 2003) upheld the district court's dismissal under § 1915(e)(2):

> [Asberry] listed the names of the defendants in the caption of his complaint, but did not identify them or explain their roles in the body of his complaint. Asberry claimed that he had been prosecuted three times for the same offense, but did not state what the offense was. He alleged that defendants fabricated legal documents and presented perjured testimony, but did not describe the evidence with particularity or explain how the evidence hurt him. As to his legal theories, Asberry invoked the First and Sixth Amendments, Kentucky statutes, and state rules of criminal procedure, but did not link these provisions to any factual allegations. A complaint must contain allegations regarding all the material elements to sustain a recovery under some viable theory.

*Id.* at *1 (citing *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996)).

Here, each count, set forth in the same order as in the previously dismissed complaint, will be discussed in turn. Regarding Count I ("Civil Rights First Amendment Retaliation State-Imposed Silence Regarding Extortion"), Plaintiff claims he was "assaulted, abducted, drugged, detained and falsely imprisoned by [Defendants]" because he "engag[ed] in First Amendment protected expression. He identifies two allegations of arrest, in ¶¶ 27 and 33 of his complaint. (ECF No. 1, PageID.9–10, 13). However, Plaintiff does not identify which Defendant(s) acted in ¶ 27 or identify what protected conduct he engaged in prior to the alleged response by the Sheriff's deputy in ¶ 33. (*Id.* at PageID.9-10). The Complaint does not identify his conduct of protected activity, other than "engaging in First Amendment protected expression . . . . to criticize public officials." (ECF No. 1, PageID.14).

8

This conclusory allegation is insufficient under Rule 8. In addition, a plaintiff "must show a causal connection between a defendant's retaliatory animus and subsequent injury in any sort of retaliation action . . . ." *Hartman v. Moore*, 547 U.S. 250, 259 (2006) (citing *Crawford-El v. Britton*, 523 U.S. 574 (1998))*; see also Wilson v. City of Shaker Heights*, 741 F. App'x 312 (6th Cir. 2018). Here, any causal connection is absent in the allegations. For these reasons, Plaintiff's First Amendment retaliation claim fails against all Defendants.

In Count II ("Violation of Fourth Amendment, Unreasonable Search and Seizure Without Probable Cause"), Plaintiff alleges he was "physically seiz[ed], restrain[ed], abduct[ed], [and] assault[ed] . . ." (ECF No. 1, PageID.14). He alleges further that his clothes were cut; his blood, DNA, and bodily fluids were taken; he was forcibly drugged; he was detained and terrorized, among other allegations. (*Id*. at PageID.14-15). Again, Plaintiff fails to identify which Defendants committed these acts. Next, in Count III ("Violation of Fourth Amendment, Common Law False Arrest and Imprisonment"), Plaintiff alleges he was "restrained, detained and confined", among other allegations, by unidentified Defendants. (*Id.*, PageID.15). No Defendant could properly respond to these claims because no particular Defendant has been identified. Thus, Plaintiff's claim fails here.

In Count IV ("Violation of Fourth Amendment – 42 § 1983 Unreasonable Seizures in the Form of Excessive Force"), Plaintiff claims injuries following unreasonable seizures following an individual's use of excessive force. (*Id*. at PageID.16). Plaintiff, in his common allegations, identified two instances of alleged

injuries following the use of excessive force in ¶¶ 27 and 33. In ¶ 27, there is no identified Defendant. In ¶ 33, while Plaintiff identifies an individual as Defendant "Sheriff Federspiel's Deputy," he states that this event occurred on March 24, 2015. Because the present lawsuit was filed seven years after the event, it is outside of the three-year statute of limitations.[1] "[C]onstitutional claims asserted under 42 U.S.C. § 1983 are governed by the state personal injury statute of limitations." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). "A § 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Id.* (citation omitted). "[T]he appropriate statute of limitations to be borrowed for § 1983 actions arising in Michigan is the state's three-year limitations period for personal injury claims. Mich. Comp. Laws § 600.5805(10)" *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008) (citing *Chippewa Trading Co. v. Cox*, 365 F.3d 538, 543 (6th Cir. 2004)). While Plaintiff did not identify ¶ 33-event as an arrest, the Due Process protections of the 14th Amendment protect a pretrial detainee from excessive force amounting to punishment. *Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010) (quoting *Graham v. Connor*, 490 U.S.

---

[1] "Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations." *Moralez v. Michigan Emp. Rels. Comm'n*, No. 1:17-CV-886, 2018 WL 6033539, at *6, n. 11 (W.D. Mich. Sept. 10, 2018) (quoting *Bowman v. Fister*, No. 16-6642, 2017 WL 5495717, at *2 (6th Cir. Mar. 22, 2017)) ("'Sua sponte dismissals of a complaint are appropriate when a statute-of-limitations defect is obvious from the face of the complaint.'").

386, 395 (1989)). While Count IV has comparatively more detail than other counts including "prolonged pain, suffering and medical maltreatment," his injury allegations fail because he is outside the statute of limitations on his claim. (ECF No. 1, PageID.16).

In Counts V (Violation of the Fifth Amendment); VI (Violation of the Seventh Amendment); and VII (Violation of the Eight Amendment), Plaintiff provides no factual detail within these counts as to his claims, nor do the common allegations provide sufficient detail about what Defendants acted to commit these alleged acts. (*Id*. at PageID.16-18). Again, he does not state which Defendants are responsible for the alleged constitutional violations. Therefore, Plaintiff fails to state a claim here.

In Count VIII ("Violation of Fourteenth Amendment"), Plaintiff gives cursory and conclusory statements alleging that "Government officials expressed animus against [him]" and that they "treated [him] and his property differently than other similarly situated property within its jurisdiction." (ECF No. 1, PageID.18-19) Plaintiff also alleges a governmental taking. (*Id*. at PageID.19). However, he fails to provide any detail as to what action was taken. Based on the Complaint's common allegations, Plaintiff is apparently referring to Bridgeport Township, which he alleges imposed a "Stop Work Order" in 2012. (*Id.*, PageID.11, ¶ 38). However, Bridgeport Township was not named as a Defendant in the current action. With nothing more, the conduct described here is insufficient to state a claim of § 1983 municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

11

Plaintiff's state law claims are also subject to dismissal. In Counts IX (Assault and Battery); X (False Imprisonment); XI (Common Law and Statutory Malicious Prosecution); XII (Intentional Infliction of Emotional Distress); XIV (Negligence); XVII (Personal Injury); XVIII (Fraud); and XX, (Defamation/Slander) Plaintiff fails to identify which Defendants were the alleged tort-feasors.

Even assuming that Plaintiff had succeeded in stating a claim, the Court should not exercise supplemental jurisdiction over any state law claims. When a court properly retains original jurisdiction over a civil action, it "shall have supplemental jurisdiction over all other claims . . . so related to claims in the action within such original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Courts may, however, "decline to exercise supplemental jurisdiction" over a claim if: (1) it "raises a novel or complex issue of State law"; (2) it "substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) the court "has dismissed all claims over which it has original jurisdiction"; or (4) "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." *Id.* § 1367(c)(1)-(4).

Because all the federal claims are subject to dismissal, the Court should decline to exercise supplemental jurisdiction. "[I]f the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *United Mine Workers*

*of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Musson Theatrical*, 89 F.3d at 1255; *accord Booker v. City of Beachwood*, 451 F. App'x 521, 523 (6th Cir. 2011) (Rule 12(b)(6) dismissal of the original jurisdiction claims generally precludes "exercise of supplemental jurisdiction over any remaining claims" absent "unusual circumstances," such as anticipated prejudice in the state courts.). Aside from the fact that Plaintiff has failed to a claim of state law violations, the Complaint does not present "unusual circumstances" justifying supplemental jurisdiction. Accordingly, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

Counts XV (Abuses of Women, Elderly, and Disabled Persons); and XVI (Wrongful Death/Depraved Heart Murder") also fail. (ECF No. 1, PageID.24-25). First, these claims lack specificity as to the alleged conduct of whichever Defendant(s) committed these acts. In Count XV, Plaintiff clearly is not the actual party in interest of his deceased mother, as he does not allege that he is acting in a capacity of an executor of her estate. *See* Fed. R. Civ. P. 17. As to Count XVI, federal courts in this appellate circuit and state apply the Michigan Wrongful Death statute (Mich. Comp. L. § 600.2922) for the distribution of wrongful-death recoveries. *Lewis v. Charter Twp. of Flint*, 767 F. App'x 591, 594 (6th Cir. 2019) (collecting cases). In the Wrongful Death statute, "Every action under this section *shall* be brought by, and in the name of, the personal representative of the estate of the deceased." Mich. Comp. L. § 600.2922(2) (emphasis added). Because Plaintiff

is not the personal representative of his mother's estate, he has not stated a claim here.

Count XIII (Municipal Liability) is also subject to *sua sponte* dismissal. (ECF No. 1, PageID.22-23). "Municipal liability attaches only where the policy or practice in question is "'attributable to the municipality[.]'" *D'Ambrosio v. Marino*, 747 F.3d 378, 386 (6th Cir. 2014) (quoting *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012)).

> To properly allege a municipal liability claim, a plaintiff must adequately allege "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance [of] or acquiescence [to] federal rights violations."

*D'Ambrosio v. Marino*, 747 F.3d at 386 (quoting *Burgess v. Fischer,* 735 F.3d 462, 478 (6th Cir. 2013)). Here, Plaintiff names Saginaw County; the Saginaw County Sheriff Department; William Federspiel, Saginaw County Sheriff; and Brenda Kappan, Deputy Sheriff as Defendants. (ECF No. 1, PageID.1). In this Count, Plaintiff identifies Federspiel and Kappan as "final policymaker[s]," alleging "life-threatening policies of using excessive force, brutally injecting victim with debilitating and psychoactive drugs," and denying him prescribed medication. (*Id*. at PageID.23).  But even assuming that Plaintiff has stated a claim of municipal liability, the alleged constitutional violations that could possibly attributed to these Defendants occurred during Plaintiff's March 2015 incarceration.  (*Id*. at

14

PageID.10, ¶ ¶ 33, 37).  As discussed above, the three-year statute of limitations for the constitutional torts has long expired.  *See* Mich. Comp. Laws § 600.5805(10).

Finally, in Counts XIX (Perjury); XXI (Obstruction of Justice); XXII (State Sponsored terrorism); XXIII (Violations of Crime Victims' Rights); XXIV (Violations of Oaths); XXV (Civil RICO); XXVI (Violations of Treaties), XXVII.A (Declaratory and Injunctive Relief); XXVII.B (Mandamus Relief), and criminal counts, these claims are frivolous.[2] "A case is frivolous if it lacks arguable basis either in law or fact." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (2001) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  Here, the § 1983 claims are civil in nature, and these counts here are either criminal claims or wholly undeveloped in terms of citation to any relevant law or fact.

Overall, Plaintiff identified a total of 44-plus Defendants in the Complaint's caption. Yet the complaint is devoid of factual allegations showing how any of them violated Plaintiff's constitutional rights.  To the extent that any of the Defendants have not been discussed in this report, any claims against them should be dismissed for failure to state a claim.  Nothing in Plaintiff's counts or common allegations rise to the level of a plausible claim against any particular remaining Defendant.

---

[2] The "criminal counts" consist of "RICO Statutes," "State Sponsored Terrorism," "Domestic Terrorism Kidnapping," "Depraved Heart Murder,"  "2nd and/or 3rd Degree Murder," "Fraud," "Extortion Grand Theft," "Obstructing Justice Witness Tampering," "False Claims," and violations of various criminal statutes under Title 18. Plaintiff possesses no private right of action against the Defendants for alleged violations of those criminal statutes. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997). Moreover, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of the defendant[ ] for his alleged unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir. 2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)).

**Conclusion**

In summary, there are no counts or Defendants remaining after screening. For all the reasons stated above, I recommend that this Court *sua sponte* dismiss this complaint.[3]

**REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373

---

[3] I also note that at least one Defendant, William J. Caprathe, would also be subject to dismissal for having absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 9-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *see also Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (stating that "[t]he Supreme Court has specifically held that state judges are absolutely immune from liability under 42 U.S.C. § 1983"). In addition, many Defendants are entities not capable of being sued, or are federal actors rather than state actors, or appear to be actors sued because of their supervisory position as head of various state and federal agencies. It is well settled that § 1983 does not allow defendants to be held vicariously liable for the actions of others. **Error! Main Document Only.***Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).

(6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 24, 2022

S/ PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge